We'll now turn to 25-3020, Jefferson v. Moore. Mr. Schauger. You may proceed. May it please the court. The core issue in this case is whether a district court can prevent a defendant from using evidence to show immunity from discovery prior to discovery. I don't think that's the issue. You could have prevented that very easily. Let me see if I understand what happened here. The judge had stayed all discovery pending various motions for qualified immunity. The court clearly understood that when there's a pending qualified immunity issue, you should not conduct discovery, except perhaps on the merits of qualified immunity. You then filed a motion which combined a motion for judgment on the pleadings and a motion for summary judgment. The judge said it was too long, you should do it in separate motions and we'll take them up in series. Rather than taking a few minutes and dividing your motion into two parts and presenting it to the judge, you waited until he had ruled. You assumed then that discovery could continue even though there was a stay of discovery pending other motions for qualified immunity. You didn't seek an order staying discovery until you had a chance to file a motion for judgment on the pleadings or a motion for summary judgment on qualified immunity. Instead, you appealed to us when it would be so easy for you to prevent any of the problems that qualified immunity is meant to protect you. I don't see, I can't understand any reason for your doing it the way you did unless you just wanted to delay things. So try to justify why you decided to appeal this decision on a very procedural issue of what format you need to file your briefs in. Your Honor, we certainly were not trying to delay. If looking at the- Explain what you're trying to do then because if you didn't want to delay, wouldn't it have been very easy for you to divide your motion into two parts and just proceed with one motion for judgment on the pleadings and then a second motion for motion for summary judgment? Wouldn't that have been very easy to do? Your Honor, we could have done that. We believe we also had the right to appeal because- We're taking a lot of time of a lot of people to do this and it seems like an abuse of the appellate process to do it. Also if you're concerned about discovery, you could have said after the judge denied your motion because of the form, you didn't ask for a stay of discovery to protect you until you got your motion filed. Interlocutory appeals are not a great thing. And if you look at the practical effects of this, it just seems absurd. I'm asking, I'm saying, I'm putting it this way to give you a chance to convince me what I'm missing. Sure, Your Honor. In both the Dyer and the Siegert cases, the court took an interlocutory appeal in the Dyer case of the Tenth Circuit, Siegert cases, the Supreme Court. And in both of those cases, the appeal was taken from an order on the summary judgment. In Dyer, the court struck the motions for summary judgment. It was not taken from- The general principle is fine. Just why here? Why did you do it this way? You're right. A denial of a motion for judgment on the pleadings under qualified immunity is ordinarily a proper interlocutory appeal. But what's really going on here isn't that you were denied qualified immunity. It was that you didn't like the judge telling you you have to divide up your motion into two separate motions. That's the only issue you're appealing. No- That's the only thing you're arguing in your brief. No, Your Honor. I don't believe that is the situation in this case. You're not arguing the merits of qualified immunity in your briefs, are you? We're not. That's correct. We're asking the court to reverse and remand for immediate consideration of the motion. Right. Because the reasons given in the court's order is not that the court is asking us to do a motion for judgment on the pleadings and then a motion for summary judgment prior to discovery. The court said a motion for summary judgment is premature. And actually, the last sentence of that paragraph on the second page says, thus, even without the aforementioned issue, defendant's motion for summary judgment would be denied without prejudice because it is premature. And so it says thus, incorporating the reasons given earlier in the paragraph, earlier in the paragraph, it says early motions for summary judgment are frequently denied because the case has not yet developed, no discovery has occurred, and the party's claims and defenses have not yet been formalized by way of a pretrial order. And none of those reasons . . . If you filed a motion for judgment on the pleadings, the judge would have considered that? Your Honor, the judge would have considered that. But the judge had already indicated and already definitively concluded that the immunity-based protections from discovery present in the KDOC defendant's summary judgment arguments were not going to be allowed prior to discovery. The judge had already . . . On issues unrelated to qualified immunity, was he going to allow that discovery while your motion for judgment on the pleadings was pending? Is he sure . . . Not while the motion for judgment on the pleadings was pending. I believe we could have gotten a motion to stay on for that motion. So if you think you've got a decent motion for judgment on the pleadings, you just file it. If the judge doesn't grant that, then you file a motion for summary judgment. The other side might say, we need to have some discovery on those . . . a few issues to decide qualified immunity, and then you proceed. The judge seemed clearly to understand and was supportive of the notion that until qualified immunity is resolved, either on motion to dismiss or motion for summary judgment, there's not going to be discovery on other issues. It may be worth pointing out that there were two different judges. The motion to granting the motion to stay discovery and the motion . . . the order that's on appeal here. Yeah, but I thought . . . Well . . . Go ahead. Yeah, I'm just . . . I just . . . I . . . In fact, I understand, you know, your concern about the judge's statement about the prematurity of the summary judgment motion, but he denied it without prejudice, and you knew there was a stay of discovery in place, and the court never lifted that stay of discovery. To date, it hasn't lifted the stay of discovery, despite other motions to dismiss being ruled on. And the magistrate made it clear that stay of discovery was not going to be lifted . . . I can't remember what the wording was. It was until the pending motions to dismiss were ruled on, and they all have been ruled on now. Right. So there was just . . . as a practical matter, there was just no question that you weren't being subjected to a stay of discovery. So that's the only way . . . I mean, the cases that you cite . . . Workman, I think, is the primary one. That's just . . . you had an explicit ruling from the trial court there that said, I'm, you know, I'm not going to rule on these . . . I'm just not going to rule on these motions until trial, essentially. I mean, there was a . . . that's just entirely different than this case. We don't have anything like that from Judge Krause here. In both the Dyer and Seeger cases, Your Honor, the court expressed that it wanted discovery to go forward. What was the facts of Dyer? It's not like this case either. I don't think you have anything . . . In Dyer, the court struck pre-discovery motions for summary judgment that raised immunity arguments and declined to rule on them. Another case . . . And they proceeded with discovery, right? I mean . . . Yes, Your Honor. The issue here is, the court cannot require you to proceed with discovery. But it didn't. It didn't. And in those two cases, it did. And that was the difference there. And I just . . . I don't see you . . . I don't see any case that you've cited where . . . other than these two cases where courts forced the defendants to proceed with discovery despite the qualified immunity issue pending. That's just different than what we have here. You know, I understand, again, your use of the word . . . you know, essentially the district court . . . seemed as though perhaps he thought discovery should proceed, but then he didn't. He didn't lift the discovery stay. He didn't suggest it would only . . . he would only rule after discovery. There's just nothing like that in the case preceded. So . . . What were you worried about? Why did you appeal? What bad consequence was going to result to your clients by not appealing and just . . . Two things, Your Honor. There's the possibility of waiving the right to an appeal and missing the time to appeal because the appeal must be taken 30 days after the motion that ruled on it. In this case, there's a motion . . . or there's an order ruling on our ability to raise summary judgment immunity arguments prior to discovery, and we did not want to waive the right to appeal that by missing that time limit. You went to appeal an order dismissing without prejudice? Your Honor, it's not just about the fact that the court denied the particular motion in this case. It's about the fact the court indicated that it would deny similar motions in the future and the reasons it gave for doing so. Let me understand. And . . . What was the sort of . . . you were afraid that the judge would not allow you to do what? You clearly could have filed the motion for judgment on the pleadings. You agree that that was possible without . . . Yes, Your Honor. Okay. You're concerned that the judge was saying, if you lose on the judgment on the pleadings, then you won't be able to bring a motion for summary judgment? That we would not be able to raise the immunity from discovery in general, as in the Maxie case, where there was a waiver held of the right to . . . the protections from discovery? You don't think the judge made clear that the judge understood that you're not allowed . . . related to qualified immunity until qualified immunity defenses are resolved? Again, there are two different judges in this case and I don't think that . . . I don't think that the district judge made that clear. It would be nice if he directly addressed the immunity arguments in his order and explained why he was postponing on ruling on them or failing to rule on them, but he did not. And the parties agree that implicit . . . implicit denials of immunity-based discovery protections can occur when . . . The general rule is solid. Just in the circumstances here, it just seems like such a waste. Your Honor, I would ask . . . I don't understand why you're doing that. In the alternative, Your Honor, I would ask that the court clarify when the time to appeal would occur. If the discovery were to . . . were to proceed, there's not necessarily . . . This day has been in effect ever since I . . . I mean, I checked the district court record. It's been in effect. I mean, you're asking us to just speculate about what would happen if there had been a stay of discovery in place? Your Honor, I believe the time to appeal ran from the order that made clear what the district judge was going to do. I see I have . . . The pileup . . . the pileup of automobiles here is that . . . is the way that you filed it with the judgment on the pleadings too long, and now we're in a fight about the local rules, and when Judge Hart says, we're wasting time here, and we're all busy people, and jamming that in with an alternative motion for summary judgment. The cure here is simply to do it differently, right? Next time, all of the problems that you're raising about, well, we don't know if we're going to have to still have discovery and so forth, got created by that initial decision to have this combined . . . I don't know the right word, but it's not a good one, as far as a motion. And so I guess what I want you to think about, and I'll think about some things myself, but when you go home, is that the right way to do it? Are we just going to keep coming back with this sort of stuff? And to what end? Why? Your Honor, the Tenth Circuit has ruled there's nothing improper about the form of a motion to dismiss . . . Okay, so that's your answer is, we'll see again, because the court's ruled that there's nothing improper. That seems kind of snappy to me. Your Honor, we'll respect the court's ruling. I'm not trying to be snappy, Your Honor. But what you're saying is, we're going to continue to do the same thing, even though you're hearing that this is creating problems. I don't think that's what I'm saying, Your Honor. I think we'll respect the court's ruling . . .  . . . in future cases as well. What we're saying is, you have nothing to fear here. And you filed this . . . You're expecting the judge to do something, the judge is, to do something that's clearly improper, contrary to what they're suggesting. And you deal with it with . . . I mean, if you're worried about time for appeal, you can have a motion for reconsideration and say, okay, we'll follow these separately, but we don't want to be hit with any discovery requests until this is resolved. I mean, that's . . . Would that not have been something you could have done, as opposed to appealing immediately? Again, we could have done that, Your Honor. I believe that the case law provides the right to appeal. Yeah, but this is a pragmatic decision. The issue of when to allow an interlocutory appeal is a serious one, because it delays things. And to delay it for the reasons here seems an abuse of the process. At most, what you'd get from us if you won the appeal is, judge, you should have let them file two motions together. Isn't that all you're asking for? And stay discovery in the interim? Isn't that all you're asking for? For the court, the district court to . . . That's all you're asking from this court? Is to send it back down and tell the judge, you misread your local rules, you violated your local rules, you should have allowed a motion to be filed, and then you should have considered it. That's all you're asking for, right? Your Honor, we're asking for the immunity arguments that we raised to be considered . . . By the district court, yes. By the district court, yes. I'm not sure where you're differing from the way I'm describing things. You seem like a secure person, but I don't think you appreciate the problems you're causing for the system by proceeding this way. Your Honor, we're not appealing because of the local rules. That is . . . So the district court's interpretation of the local rules is not why we're appealing. The basis for the appeal is denial of qualified immunity by failing to consider the arguments, and then the local rules simply do not provide an independent basis to uphold the order. I see I'm out of time, Your Honor. May I briefly close? I'm sorry, what did you say? I see that I'm out of time. May I briefly close? Yes. For the reasons that I've discussed, as well as the reasons in the KDOC defendant's briefs, we urge the court to reverse and remand the case for immediate consideration of the KDOC defendant's motion. Thank you. Thank you. Ms. Barrett? No, you don't have to take up all your time.  Good morning, Your Honor. Assembly, it please the Court. Leah Rose Barrett on behalf of Plaintiff Appellate Anthony Jefferson. And Judge Hartz, I'll start where you started. What happened here? The district court's order in this case rejected defendant's motion for judgment on the pleadings, or in the alternative, for summary judgment, for two reasons. First, it was too long under the local rules. And second, the court would not rule on summary judgment at this time. The court denied the motion without prejudice, and it offered defendants two weeks to fix the problem. And it did all this before my client even had a chance to respond. All defendants needed to do in this case was file a 15-page Rule 12 motion, like defense counsel did in a previous case, and the judge would have addressed their immunity arguments. But instead, they appealed. This court has no jurisdiction over the district court's procedural ruling. The order was not an effective denial of immunity. It did not clearly and conclusively determine that defendants are not entitled to the benefits of immunity, that is, immunity from trial or broad-reaching discovery. In fact, the order was clear in the opposite direction. The district court showed defendants what steps they needed to take to get a ruling on immunity, but they just didn't take those steps. If the order was confusing to defendants, they could have quickly clarified with the district court, filed another motion, taken any additional steps of this court. What about those cases, though, that the appellant here cites that do say that, essentially, no ruling on an immunity question, when it's been raised, can be, essentially, or can, essentially, effectively be a ruling, because it subjects you to liability, it subjects you to going to trial, which is the whole idea of ruling on these qualified immunity motions. Your Honor, this case, now, that is, he did use some language, the district court did, when he said, this is premature, and, essentially, there hasn't been discovery, which would seem to imply that the district court might be anticipating discovery. So why don't those cases allow us to take this under the collateral order exception? Your Honor, the cases in which this court has found jurisdiction are far more clear than what we have here. This is not a case like Workman, as you mentioned, or Gallegos, where the district court clearly said, I'm not ruling on immunity until trial. And it's not a case like Dyer, where the district court was clear that full discovery would happen first, and summary judgment would happen later. It's far more like Arroyo, the case from this court, or out-of-circuit precedent like Moss from the Ninth Circuit, where courts held that because there was no order on discovery, nothing setting discovery in motion, there was no appealable decision. That's exactly what we have here, as you noted earlier. Well, we have the implication that there might be. Here we have the implication, and I don't think that was present in Arroyo, that this is too soon, that this motion is too soon. Your Honor, I don't think an implication is enough to invoke this court's jurisdiction. We need a clearer, more conclusive order that says what the district court really meant here, and you have to consider the context. Here the district court was presented with a Rule 12 in the alternative Rule 56 motion, and it said, bring me the Rule 12 motion. We'll deal with those questions. We'll deal with your immunity questions on that standard first, and then if claims remain, we can move on. But as defendants have conceded, they could have presented that motion to the district court, and the district court would have addressed their immunity arguments as it did in many other cases. For instance, in O'Quinn, a case that defendants cite and that we cite as well, the district court There really isn't a question, though, is it about whether they could have presented it. I don't think they disagree with that, and it seems obvious that they could have. They could have modified it to come within the page, the motion to dismiss to come within the page limits. They could have done all that, but isn't the question whether they had a real and valid concern about whether they were going to be subjected to a state of discovery or to a, to a, that the state of discovery would be removed, essentially, and they would be subjected to discovery, so they needed to decide whether, you know, they needed to appeal. Your Honor, I don't think the question is whether there's a concern. Some sort of inkling isn't enough. The district court has to clearly and conclusively decide the question, as this court stated in Arbogast, for instance, and then again, your own opinion in Ellis. The court must precisely identify whether a district court has conclusively determined the disputed question. The court can't go based on, essentially, defendants' concerns or vibes. The Arroyo case, for instance, says that qualified immunity doesn't protect against the mere trepidation at the risk of litigation. Here, we don't have defendants being subject to discovery in any form, and so I don't think that that is an effective denial of immunity in the way that the Supreme Court would be concerned about in Mitchell or Harlow, for instance. And so briefly, to return to that O'Quinn case I was about to discuss, in that case, the district court's actions show that it did not intend to postpone the immunity ruling until after full discovery, and that defense counsel knew what the district court meant when it acted here. So in that case, defendants filed a 30-page motion to dismiss and the alternative motion for summary judgment, and in a very similar order to the order in this case, both structurally and substantively, Judge Krauss denied the motion without prejudice because it was over the page limit, and in the alternative, summary judgment was premature. And rather than appeal, as defendants did here, the defendants filed a motion to dismiss consistent with the 15-page local rule limit. They re-raised the same arguments. They brought 11th Amendment immunity, qualified immunity, and before any discovery occurred, Judge Krauss granted the renewed motion to dismiss partially on 11th Amendment immunity grounds. So I think that shows— I'm sorry, this was after? This was prior to this case. Prior to, okay. And defense counsel was involved in that case, and so he— Same counsel? The same counsel was involved in that case, and so counsel was on notice that a 40-page motion for judgment on the pleadings and the alternative summary judgment would be too long under the district court's interpretation, and counsel was on notice that this is how the district court would interpret it. If you filed a 15-page motion, the court would rule on your motion. It could grant or deny, and we could move forward with our classic qualified immunity questions, but that's not what they did here, and the order that we have here simply isn't— Well, that isn't what the district court said, either. The district court didn't say, if you file a 15-page motion, I'll rule. The court said, I'm not—basically, your motion for summary judgment, that portion of it in the alternative is premature. Right. That is distinct. Yes, Your Honor. The court did not say expressly, if you file a new motion, I will rule on it, but that's what the court— A new motion to dismiss. Right. If the court has— Not the summary judgment. Yes. If the court said—sort of implied that without prejudice denial, based on these local rules, you can try again. And that's the whole point here. There were future steps that the district court contemplated that defendants could take prior to the district court ruling on immunity. So take those steps. Don't ask this court for relief. Don't spend a year litigating this issue just to go back to the district court when you could have, within seven days, contacted the magistrate judge and say, I'm concerned about this discovery stay. Is it still in place? The magistrate judge surely would have answered that affirmatively. You could have, within 14 days, as the district court envisioned, file a renewed motion. You could have, like the parties did in Dyers, moved to stay discovery if you were really concerned that there was discovery ongoing. You could have, as I think Judge Hart suggested, file a motion for reconsideration. The District of Kansas local rules, Rule 7.3, expressly provides for reconsideration of nearly any motion. So try that out. And if you're really concerned, wait the 30 days and file a protective appeal and then maybe file a motion for indicative ruling and ask the district court, what should I have done here? Can you rule on this? Can you decide this? And recall the appeal so that we don't have to deal with this on appeal. There were so many steps that could have been taken, and they just didn't take those steps. Now, I think we've talked a bit about Dyer. But defense counsel mentions both Dyer and Siegert a couple of times, so I want to briefly address those cases. In Dyer, defendants filed a motion for summary judgment. And the court held a scheduling conference at which it issued a scheduling order. And that order set dispositive motions for shortly before the close of discovery. It also ordered initial disclosures almost immediately, and it set a trial date. And defendants said, wait, stay discovery. I have an outstanding motion for summary judgment. And the district court, in a minute order, struck that summary judgment motion and said, follow the scheduling order. And this court made clear that that was appealable. And as Judge Moritz noted earlier, the difference between that case and this case is that there was a clear directive to engage in full discovery now, starting with those initial disclosures. And in Siegert, the facts are just way different from this case. Yes, there was a motion to dismiss and the alternative motion for summary judgment. But there, the district court, while it initially said, I need some limited discovery, on reconsideration, the district court actually ruled on the motion to dismiss based on the immunity issues. And then when on appeal, the district court, or sorry, the D.C. Circuit addressed the motion to dismiss standard, as did the Supreme Court. The Supreme Court repeatedly explained at pages 233 to 34 that Siegert failed to allege a constitutional violation. The facts alleged by Siegert cannot be held to state a claim. They alleged defamation. The concurrence and the dissent also repeatedly invoked that motion to dismiss standard. And so that case says nothing about the jurisdictional question here. It stands for the unremarkable proposition set out in Mitchell, that when a government defendant is denied a motion to dismiss based on qualified immunity, that they can appeal that. It says nothing else. And it also doesn't say anything about whether any alternative motions are required. The question about whether these motions are useful, appropriate, yes, of course they are, but no one's disputing that. But it doesn't say that a district court would abuse its discretion by failing to accept such a motion. Your Honors, if there are no further questions, I would respectfully ask that this court dismiss the case for lack of a jurisdiction or a firmly-benefit-fines jurisdiction. Thank you. Thank you, Counsel. Thank you. I don't think it's necessary to allow everybody listening. Case is submitted. Counsel is excused. We're going to take a brief recess before we hear our last two arguments today.